UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NY COMMUNITY FINANCIAL, LLC, a Delaware Corporation,<br><br>          Plaintiff,<br><br>    - against -<br><br>TD BANK, N.A., a Delaware Corporation,<br><br>          Defendant. | Case No.: 15-CV-00866 (WHP)<br><br>**ANSWER** |

Defendant TD Bank, N.A., by its attorneys, Zeichner Ellman & Krause LLP, answers the complaint, upon information and belief, as follows:

  1.  It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 6 – 10, 13, 17 – 27, 52 – 53 and 55, except refers all questions of law to the Court.

  2.  It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 11 – 12, 14 – 16, 29 – 43 and 48 – 50.

  3.  It denies each and every allegation contained in paragraph 3, except that TD Bank, N.A., is a national banking association with a main office in New Jersey, and transacts business within this district.

  4.  It denies each and every allegation contained in paragraphs 4 – 5, 46, 51, 54 and 56 – 57, except refer all questions of law to the Court.

5. It has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 44 – 45, except refers the Court to Exhibits A and B to the complaint for their content.

### FIRST AFFIRMATIVE DEFENSE

6. Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

7. Plaintiff's claims are not subject to or governed by the Check 21 Act.

8. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

9. Plaintiff's claims are not subject to or governed by the Check 21 Act.

10. Therefore, this Court lacks subject matter jurisdiction over this action.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff lacks standing to assert a claim against TD Bank.

### FIFTH AFFIRMATIVE DEFENSE

12. Plaintiff is not in privity with TD Bank and is owed no duty by it.

### SIXTH AFFIRMATIVE DEFENSE

13. TD Bank has defenses to the complaint based upon documentary evidence.

### SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to join necessary parties, including the payees and drawers of the checks referred to in the complaint.

### EIGHTH AFFIRMATIVE DEFENSE

15. If plaintiff suffered any losses, they resulted from its failure to exercise ordinary care and/or because it was negligent in cashing the checks referred to in the complaint.

### NINTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims against TD Bank are barred by the doctrines of laches, waiver, estoppel and ratification.

### TENTH AFFIRMATIVE DEFENSE

17. Plaintiff has not suffered any damages as a result of any alleged conduct of TD Bank.

## ELEVENTH AFFIRMATIVE DEFENSE

18. To the extent plaintiff has obtained or obtains restitution or other payment from anyone concerning the allegations made in the complaint, TD Bank is entitled to an offset in like amount against claims made against it in this action.

## TWELFTH AFFIRMATIVE DEFENSE

19. Any damages allegedly suffered by plaintiff were caused, in whole or in part, by superseding and/or intervening acts of others than TD Bank.

## THIRTEENTH AFFIRMATIVE DEFENSE

20. If the damages allegedly sustained by plaintiff occurred at the time and place and in the manner alleged in the complaint, such damages are attributable, in whole or in part, to the culpable conduct of plaintiff; and if any damages are recoverable against TD Bank, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

21. Plaintiff should be precluded from recovery because it failed to mitigate its damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

22.     No action of TD Bank was the proximate cause of any damages allegedly suffered by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

23.     To the extent that plaintiff obtained or obtains relief from anyone concerning the allegations in the complaint, TD Bank is entitled to a set-off in a like amount.

## SEVENTEENTH AFFIRMATIVE DEFENSE

24.     To the extent plaintiff had a policy of insurance covering any losses referred to in the complaint, plaintiff is precluded from recovery of such funds from TD Bank.

WHEREFORE, TD Bank demands judgment as follows:

1. dismissing the complaint in all respects together with the costs and disbursements of this action; and

2. for such other relief as this Court deems proper.

Dated: New York, New York
April 21, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Mark Zeichner
Mark Zeichner
Ronald M. Neumann
Attorneys for Defendant
 TD Bank, N.A.
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

TO: The Volakos Law Firm, P.C.
120 Bay Ridge Avenue
Brooklyn, New York 11220

#806837

## CERTIFICATE OF SERVICE

Michael W. Antonivich, hereby certifies pursuant to 28 U.S.C. 1746 and under penalty of perjury that on the 21st day of April, 2015, I served a true copy of the within **TD BANK N.A.'S ANSWER** upon the following parties/attorneys by first class mail at the last known addresses indicated below:

The Volakos Law Firm, P.C.
120 Bay Ridge Avenue
Brooklyn, New York 11220

Dated: April 21, 2015

_____
Michael W. Antonivich